# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:05-CR-3-9- JRG-RSP |
| | § | |
| MARCUS EARL DOTREY | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On February 6, 2014, the undersigned held a final hearing on the Government's petition (#1301) to revoke supervised release. The Government was represented by Assistant United States Attorney Ryan Locker. The Defendant, Marcus Earl Dotrey, was represented by Greg Waldron.

Marcus Earl Dotrey was sentenced on February 21, 2006, before The Honorable T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine (Count 59), a Class C Felony; and, Use and Possession of a Firearm During a Drug Trafficking Crime (Count 81), a Class A Felony. Count 59 carried a statutory term of imprisonment of not more than 20 years and Count 81 carried a statutory term of imprisonment of not less than 5 years or more than life. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of IV, was 15 to 21 months for Count 59 and 60 months for count 81. Marcus Earl Dotrey was subsequently sentenced to a term of 15 months on Count 59 of the Indictment and a term of 60 months as to Count 81 of the Indictment, to be served consecutively to any other sentence, to produce a total punishment of 75 months, subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for

drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; and, the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment.

On September 15, 2010, Marcus Earl Dotrey completed his period of imprisonment and began service of the supervision term.

On March 12, 2013, the conditions of supervision were modified as follows: The defendant shall abstain from the use of alcohol while on supervised release.

1) <u>Standard:</u> The Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows: A three count indictment in the Eastern District of Texas – Marshall Division, has recently been returned against Marcus Earl Dotrey, in Docket No. 2:13cr4, alleging the following charges to have occurred on or about January 10, 2013: Count One: Possession with Intent to Distribute Marijuana, in Violation of 21 U.S.C. 841 (a) (1); Count Two: Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime, in Violation of 18 U.S.C. 924c; and Count Three: Felon in Possession of a Firearm, in Violation of 18 U.S.C. 922 (g) (1). Mr. Dotrey made his initial appearance for the above allegations on March 11, 2013. On December 3, 2013, Defendant pled guilty to Count 2 of the Indictment and was later sentenced to a term of 300 months imprisonment and 5 years supervised release.

The Court scheduled a revocation hearing for February 6, 2014. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the

allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The parties both agreed that the appropriate disposition of this Petition is that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 37 months to run concurrent with the sentence in 2:13cr04. Accordingly,

**IT IS RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 37 months to run concurrent with the sentence in 2:13cr04.

At the close of the February 6, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 12th day of February, 2014.**

                                                                _____
                                                                ROY S. PAYNE
                                                                UNITED STATES MAGISTRATE JUDGE